IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN D. QUEEN, | No. CIV S-07-2779-LKK-CMK-P |
|     Petitioner, | |
|   vs. | FINDINGS AND RECOMMENDATIONS |
| DARREL ADAMS, et al., | |
|     Respondents. | |
| _____/ | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondents' motion to dismiss (Doc. 9) for failure to exhaust all the claims raised in the petition.  Petitioner has not filed an opposition.

Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required before the federal court can grant a claim presented in a habeas corpus case.  See Rose v. Lundy, 455 U.S. 509 (1982); see also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003); Hunt v. Pliler, 336 F.3d 839 (9th Cir. 2003).  "A petitioner may satisfy the exhaustion requirement in two ways:  (1) by providing the highest state court with an opportunity to rule on the merits of the claim . . .; or (2) by showing that at the time the petitioner filed the habeas petition in federal

court no state remedies are available to the petitioner and the petitioner has not deliberately by-passed the state remedies." Batchelor v. Cupp, 693 F.2d 859, 862 (9th Cir. 1982) (citations omitted).  The exhaustion doctrine is based on a policy of federal and state comity, designed to give state courts the initial opportunity to correct alleged constitutional deprivations.  See Picard v. Connor, 404 U.S. 270, 275 (1971); see also Rose, 455 U.S. at 518.

Regardless of whether the claim was raised on direct appeal or in a post-conviction proceeding, the exhaustion doctrine requires that each claim be fairly presented to the state's highest court.  See Castille v. Peoples, 489 U.S. 346 (1989).  Although the exhaustion doctrine requires only the presentation of each federal claim to the highest state court, the claims must be presented in a posture that is acceptable under state procedural rules.  See Sweet v. Cupp, 640 F.2d 233 (9th Cir. 1981).  Thus, an appeal or petition for post-conviction relief that is denied by the state courts on procedural grounds, where other state remedies are still available, does not exhaust the petitioner's state remedies.  See Pitchess v. Davis, 421 U.S. 482, 488 (1979); Sweet, 640 F.2d at 237-89.[1]

In addition to presenting the claim to the state court in a procedurally acceptable manner, exhaustion requires that the petitioner make the federal basis of the claim explicit to the state court by including reference to a specific federal constitutional guarantee.  See Gray v. Netherland, 518 U.S. 152, 162-63 (1996); see also Shumway v. Payne, 223 F.3d 982, 998 (9th Cir. 2000).  It is not sufficient for the petitioner to argue that the federal nature of the claim is self-evident.  See Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir. 2000), amended by 247 F.3d 904 (9th Cir. 2001).

/ / /

/ / /

---

[1] This situation of procedural deficiency is distinguishable from a case presented to the state court using proper procedures but where relief on the merits is precluded for some procedural reason, such as untimeliness or failure to raise the claim on direct appeal.  The former represents an exhaustion problem; the latter represents a procedural default problem.

In this case, petitioner raises four federal claims but only presented two of those claims to the state court. Respondents accurately outline the relevant facts as follows:

> The grounds presented in the federal petition are as follows: 1) "The three San Joaquin terrorist threats convictions in case number SF087631 did not qualify as strikes priors under the three strikes law in this case because the current crimes were committed before a determination was made whether the prior offenses in case number SF087631 were felonies;" 2) "Because the law required the court to strike one of appellant's prior Sacramento convictions, the court's ruling that each of those convictions were strikes was error;" 3) "The court abused its discretion determining that appellant's three strikes sentence should be served consecutively;" and 4) "The two weapons possession convictions involved the same weapon constitute the improper splitting of a single crime into more than one count as a matter of law appellant could be convicted of one crime."
>
> Petitioner presented one filing to the California Supreme Court: a petition for review on direct appeal (Lod. Doc. 3). The two claims presented in the petition for review were: 1) Whether a prior conviction for a wobbler can be a strike prior under the Three Strike Law when a wobbler is not determined to be a felony until sentencing and when the current crime was committed before there was a determination of whether the prior conviction for the wobbler was a felony; and 2) Whether the imposition of consecutive sentences under California's Determinate Sentencing Law ("DSL") based on facts not submitted to the jury and proven beyond a reasonable doubt violates the Sixth and Fourteenth Amendment right to trial by jury and due process under the United States Constitution, as interpreted in *Blakely v. Washington* (2004) 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 ["*Blakely*"], and *Apprendi v. New Jersey* (2000) 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 ["*Apprendi*"]. (Lod. Doc. 3). This filing served to exhaust claims one and three of the federal petition.

Because petitioner has not exhausted claims two and four, petitioner should be given the opportunity to file an amended petition which deletes the unexhausted claims and proceeds on claims one and three only, or accept dismissal of the entire petition, without prejudice to returning to this court once he has exhausted all claims. In exercising this option, petitioner should be aware that federal law precludes this court from entertaining petitions filed more than one year after the conviction becomes final and second of successive petitions.

/ / /

/ / /

/ / /

Based on the foregoing, the undersigned recommends that:

    1.    Respondents' motion to dismiss (Doc. 9) be granted; and

    2.    Petitioner be provided an opportunity to exercise one of the options outlined above.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  April 21, 2008

                                                                 /s/ Craig M. Kellison  
**CRAIG M. KELLISON**  
UNITED STATES MAGISTRATE JUDGE