IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN D. QUEEN, | No. CIV S-07-2779-LKK-CMK-P |
|     Petitioner, | |
|   vs. | FINDINGS AND RECOMMENDATIONS |
| DARREL ADAMS, et al., | |
|     Respondents. | |
|                                 / | |

       Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is petitioner's amended petition for a writ of habeas corpus (Doc. 12) and respondents' answer (Doc. 16).  Petitioner has not filed a traverse.

       In the answer, respondents argue that the amended petition should be dismissed because neither of the two claims raised is cognizable because both claims are based on alleged errors of state law.   A writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of a transgression of federal law binding on the state courts.  See Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985); Gutierrez v. Griggs, 695 F.2d 1195, 1197 (9th Cir. 1983).  It is not available for alleged error in the interpretation or application of state law.  Middleton, 768 F.2d at 1085; see also Lincoln v. Sunn, 807 F.2d 805, 814 (9th Cir. 1987); Givens v. Housewright, 786 F.2d 1378, 1381 (9th Cir. 1986).  Habeas corpus cannot be utilized to try state

issues de novo.  See Milton v. Wainwright, 407 U.S. 371, 377 (1972).

In this case, petitioner claims:  (1) the prior state court convictions for terrorist threats did not qualify as "strikes" to enhance his current sentence because the prior crimes were committed before it was determined that terrorist threats constituted "strikes"; and   (2) the state court erred in imposing consecutive sentences.  As to the first claim, the California Court of Appeal observed in petitioner's case that convictions for terrorist threats constitute "strikes" under California's repeat offender law.  This is a determination of state law not cognizable on federal habeas review.  See Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (holding that whether a prior conviction constitutes a "strike" under California Penal Code § 667(a) is a question of state law and does not state a federal question).  Similarly, "[t]he decision whether to impose sentences consecutively or concurrently is a matter of state criminal procedure and is not within the purview of federal habeas corpus."  Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994); see also Markey v. Brown, 2008 WL 552438 (E.D. Cal. May 7, 2008).

Based on the foregoing, the undersigned recommends that the amended petition be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 6, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE